Warrena D. Levey, Respondent, v. Clarence D. Levey, Appellant.— Motion to dismiss appeal denied. Present — Carr, Stapleton, Mills and Rich, JJ.; Jenks, P. J., not voting.

Ida Levin, Respondent, v. Max B. Juditsky, Appellant.— Motion to dismiss appeal denied. Present — Jenks, P. J., Carr, Stapleton, Mills and Rich, JJ.

Francesco Pensabene, as Administrator, etc., Plaintiff, v. F. & J. Auditore Company, Defendant. — Motion denied, with ten dollars costs. Present — Jenks, P. J., Carr, Stapleton, Mills and Rich, JJ.

The People of the State of New York ex rel. Henry Hirschberg, Appellant, v. R. F. C. Kieb, as Medical Superintendent of the Matteawan State Hospital, Respondent.— Motion denied. Present — Jenks, P. J., Thomas, Carr, Mills and Rich, JJ.

Mabel Woods Smith, Respondent, v. Village of Larchmont, Appellant. — Motion granted. Present — Jenks, P. J., Thomas, Carr, Mills and Rich, JJ.

Lena Baumann, Appellant, v. Henry C. Steingester and Others, Defendants. Magdalena Fuhge, Respondent.— Judgment affirmed by default, with costs. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.

Harry T. Blythe, Appellant, v. Jennie L. Larity and Thomas E. Larity, Defendants. Pierre Northrip, Respondent.— While the complaint does not authorize the relief asked against Northrip, yet he was invested with a power in trust to determine to whom the assignors should convey. He seems to have some beneficial interest in the execution of the power. Moreover, he has a right to insist that the conveyance shall not be made until he shall have been paid. Hence, he is a proper party defendant, and the complaint should not be dismissed as to him. The order is modified accordingly, and as modified affirmed, without costs here or below. Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

John F. Callahan, Appellant, v. The Coney Island and Brooklyn Railroad Company, Respondent.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment reversed and new trial granted, costs to abide the event, upon the ground that the evidence given on the trial was such that the jury might have found an absence of reasonable grounds to justify an honest belief of plaintiff's guilt, and the question whether